UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TIME INSURANCE COMPANY II, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.  5:19-cv-00610 |
| JEANENE BAHAMONDE, and RAMONA DE HOYOS, | § § § § | |
| Defendants. | § | |

## **COMPLAINT IN INTERPLEADER**

Plaintiff, Time Insurance Company II, formerly Time Insurance Company, (the "Company"), by and through its undersigned counsel, for its Complaint in Interpleader, alleges as follows:

### **PARTIES**

1. The Company is an insurance company organized and existing under the laws of the Commonwealth of Puerto Rico with its principal place of business in San Juan, Puerto Rico. The Company is duly authorized to do business in the State of Texas.

2. Upon information and belief, Defendant Jeanene Bahamonde is an adult citizen of California and domiciled in Ventura County, California.

3. Upon information and belief, Defendant Ramona De Hoyos is an adult citizen of Texas and domiciled in Bexar County, Texas.  Ramona De Hoyos resides at 4013 Sunrise Creek Dr., San Antonio, Texas 78244.

### **JURISDICTION AND VENUE**

4. This Court has jurisdiction under 28 U.S.C. § 1335 in that the Defendants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity

1

between the claimants under *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523 (1967). Upon information and belief, the defendants are citizens of California and Texas.

5. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

6. The Company issued individual life insurance policy number 03 434 656 with a contract date of March 8, 1996 (the "Policy") to Mario De Hoyos (the "Insured"), which provided life insurance coverage on the Insured. *A specimen copy of the Policy is attached hereto as **Exhibit A***.[1]

7. By Application for Life Insurance dated January 18, 1996 ("Application"), the Insured designated his "wife," Jeanne Bahamonde, as sole Primary beneficiary to the Policy death benefits and his father, Jose C. De Hoyos, as sole Contingent beneficiary to the Policy death benefits. *A copy of the Application dated January 18, 1996 is attached hereto as **Exhibit B***.

8. Upon information and belief, the Insured subsequently married Ramona De Hoyos.

9. Upon information and belief, the Insured was predeceased by his father, Jose C. De Hoyos.

10. Upon information and belief, the Insured died on October 30, 2018. *A copy of the Insured's Certificate of Death is attached hereto as **Exhibit C***.

---

[1] The Company does not maintain exact copies of individual policies. This is a specimen copy of the contract which was created in connection with this Interpleader action.

11. As a result of the death of the Insured, Policy death benefits in the amount of $35,000 became due to a beneficiary or beneficiaries (the "Death Benefit") and the Company concedes liability to that effect.

12. By Claimant Statement dated February 1, 2019, Jeanne Bahamonde, his "Significant Other," asserted a claim to the Death Benefit. *A copy of the Claimant Statement dated February 1, 2019 is attached hereto as **Exhibit D***.

13. By letter dated December 1, 2018, the Insured's sister, Mary Lou De Hoyos, who is not a party to this action, alleged that the Insured's wife, Ramona De Hoyos, was entitled to the Death Benefit based on a Change of Beneficiary Request Form dated December 14, 2016 and designating Ramona De Hoyos as beneficiary that was purportedly executed and submitted by the Insured but not processed by the company. *A copy of the letter dated December 1, 2018, with enclosures including the purported December 14, 2016 Change of Beneficiary Request Form, is attached hereto as **Exhibit E***.

14. Prior to its receipt of Mary Lou De Hoyos' December 1, 2018 correspondence, Prudential had not received the purported December 14, 2016 Change of Beneficiary Request Form.

15. Accordingly, at the time of the Insured's death, Jeanne Bahamonde remained the Policy's beneficiary of record.

16. Upon information and belief, the Insured and Jeanne Bahamonde may not have actually been married.

17. If, however, the Insured and Jeanne Bahamonde were married and subsequently divorced after the Insured's completion of the Application, the Death Benefit may be payable to the Estate of Mario De Hoyos by operation of the Texas Divorce Revocation Statute, Texas Fam.

Code § 9.301.

18. If, however, the Court determines that the December 14, 2016 Change of Beneficiary Request Form should be given legal effect, the Death Benefit may be payable to Ramona De Hoyos.

19. There have been no other claims for the Death Benefit. Under the circumstances, the Company cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of the interpleading defendants, the Company is or may be exposed to multiple liability.

20. The Company is ready, willing, and able to pay the Death Benefit, plus applicable interest, if any, in accordance with the terms of the Policy to whomever this Court shall designate.

21. As a mere stakeholder, the Company has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit and respectfully requests that this Court determine to whom the Death Benefit should be paid.

22. The Company accordingly will deposit into the Court the Death Benefit, plus claim interest, if any, for disbursement in accordance with the judgment of this Court.

23. The Company has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between the Company and any of the Defendants. The Company brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, the Company prays that the Court enter judgment:

(a) requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefit;

(b) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Death Benefit and/or the Policy;

(c) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(d) permitting the Company to deposit the amount of the Death Benefit, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(e) discharging the Company from any and all further liability to Defendants relating in any way to the Policy and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(f) awarding the Company its attorneys' fees and costs in their entirety; and

(g) awarding the Company any other and further relief that this Court deems just and proper.

Dated: June 5, 2019	Respectfully submitted,

*/s/ Paul Schlaud*
Paul Schlaud (Texas Bar No. 24013469)
Steven D. Seybold (Texas Bar No. 24098409)
REEVES & BRIGHTWELL LLP
221 West 6th St., Suite 1000
Austin, Texas 78701
(512) 334-4500
(512) 334-4492 (facsimile)
pschlaud@reevesbrightwell.com
sseybold@reevesbrightwell.com

*Counsel for Plaintiff Time Insurance Company II*